SEAN K. HUNGERFORD (State Bar No. 200268)
RUSSELL A. FRINK (State Bar No. 302522)
HARRISON, TEMBLADOR,
HUNGERFORD & GUERNSEY LLP
2801 T Street
Sacramento, CA 95816
Telephone: (916) 382-4377
Facsimile: (916) 382-4380

Attorneys for GRANITE CONSTRUCTION COMPANY
a California corporation, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>R&L LUMBER COMPANY LLC, JUSTIN LENA, and UBI RUIZ,<br><br>Defendants. | Case No. 3:22-cv-07511-JSC<br><br>**DEFENDANT R&L LUMBER COMPANY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF AND CIVIL PENALTIES** |

///

///

///

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants R&L Lumber Company, LLC, Justin Lena, and Ubi Ruiz ("Defendants"), hereby answer the Complaint for Declaratory and Injunctive Relief and Civil Penalties ("Complaint") of Plaintiff Californians for Alternatives to Toxics, a California non-profit public benefit corporation ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

### I.   JURISDICTION AND VENUE

1. In response to Paragraph 1 of the Complaint, Defendant admits that the allegations are presented as a citizen suit under the enforcement provisions of the Federal Water Pollution Control Act pursuant to 33 U.S.C. § 1251, et seq. ("Clean Water Act" or "the Act"). Defendant denies the remaining allegations of Paragraph 1.

2. In response to Paragraph 2 of the Complaint, Defendants admit that Plaintiff provided Defendants with a copy of the notice letter attached as Exhibit 1 to the Complaint. Defendants lack information or knowledge concerning the remaining allegations of Paragraph 2 and deny them on that basis.

3. In answering Paragraph 3 of the Complaint, Defendants admit that, when the Complaint was filed, more than 60 days had passed since Defendants received the notice letter described in Paragraph 2. Defendants lack information or knowledge concerning the remaining allegations of Paragraph 2 and denies them on that basis.

4. Paragraph 4 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 4 and deny them on that basis.

5. In response to Paragraph 5 of the Complaint, Defendants admit that R&L Lumber Company, LLC operates a facility located at 1220 5th Street, in Arcata, California ("Facility"). Defendant lacks information or knowledge concerning the remaining allegations of Paragraph 5 and denies them on that basis.

//
//

## II. INTRODUCTION

6. Paragraph 6 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 6 and deny them on that basis.

7. Paragraph 7 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 7 and deny them on that basis.

8. In response to Paragraph 8, Defendants lack information or knowledge concerning the allegations of Paragraph 8 and deny them on that basis.

## III. PARTIES

9. In response to Paragraph 9 of the Complaint, Defendants admit the allegations therein.

10. In response to Paragraph 10 of the Complaint, Defendants admit the allegations therein.

11. In response to Paragraph 11 of the Complaint, Defendants admit the allegations therein.

12. In response to Paragraph 12 of the Complaint, Defendants admit the allegations therein.

13. In response to Paragraph 13, Defendant lacks information or knowledge concerning the allegations of Paragraph 13 and denies them on that basis.

14. In response to Paragraph 14, Defendant lacks information or knowledge concerning the allegations of Paragraph 14 and denies them on that basis.

15. In response to Paragraph 15, Defendant lacks information or knowledge concerning the allegations of Paragraph 15 and denies them on that basis.

16. In response to Paragraph 16, Defendant lacks information or knowledge concerning the allegations of Paragraph 16 and denies them on that basis.

//

//

DEFENDANT R&L LUMBER COMPANY LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF AND CIVIL PENALTIES

## IV. LEGAL BACKGROUND

### A. Clean Water Act

17. Paragraph 17 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 17 and deny them on that basis.

18. Paragraph 18 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 18 and deny them on that basis.

19. Paragraph 19 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 19 and deny them on that basis.

20. Paragraph 20 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 20 and deny them on that basis.

21. Paragraph 21 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 21 and deny them on that basis.

22. Paragraph 22 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 22 and deny them on that basis.

23. Paragraph 23 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 23 and deny them on that basis.

24. Paragraph 24 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 24 and deny them on that basis.

//
//

**B. California Industrial Storm Water General Permit**

25. Paragraph 25 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 25 and deny them on that basis.

26. Paragraph 26 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 26 and deny them on that basis.

27. Paragraph 27 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 27 and deny them on that basis.

28. Paragraph 28 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 28 and deny them on that basis.

29. The allegations in Paragraph 29 purport to describe the text of State Board Water Quality Order No. 91-13-DWQ, amended by Nos. 92-12-DWQ, 97-03-DWQ, and 14-0057-DWQ, NPDES General Permit No. CAS000001 ("General Permit") and state legal conclusions and, therefore, no response is required. To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 29 and deny them on that basis.

30. The allegations in Paragraph 30 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required. To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 30 and deny them on that basis.

//

31.     The allegations in Paragraph 31 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 31 and deny them on that basis.

32.     The allegations in Paragraph 32 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 32 and deny them on that basis.

33.     The allegations in Paragraph 33 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 33 and deny them on that basis.

34.     The allegations in Paragraph 34 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 34 and deny them on that basis.

35.     The allegations in Paragraph 35 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the

extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 35 and deny them on that basis.

36. The allegations in Paragraph 36 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required. To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 36 and deny them on that basis.

## V. STATEMENT OF FACTS

### A. The Facility

37. In response to Paragraph 37 of the Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 37 and deny them on that basis.

38. Defendants admit that they began occupying portions of the Facility in 2018 and have continued to occupy the Facility in some fashion from 2018 to the present. Defendant lacks information or knowledge concerning the remaining allegations of Paragraph 38 and denies them on that basis.

39. In response to Paragraph 39 of the Complaint, Defendants admit that industrial activities at the Facility include the milling and storage of logs, storage of dimensional lumber, loading and unloading of logs, and the use and storage of equipment necessary to carry out the above stated activities. Except as expressly admitted above, Defendant lacks information or knowledge concerning the remaining allegations of Paragraph 39 and denies them on that basis.

40. In response to Paragraph 40, Defendant lacks information or knowledge concerning the allegations of Paragraph 40 and denies them on that basis.

41. In response to Paragraph 41, Defendant lacks information or knowledge concerning the allegations of Paragraph 41 and denies them on that basis.

42. In response to Paragraph 42, Defendant lacks information or knowledge concerning the allegations of Paragraph 42 and denies them on that basis.

//

43. In response to Paragraph 43, Defendant lacks information or knowledge concerning the allegations of Paragraph 43 and denies them on that basis.

44. In response to Paragraph 44, Defendant lacks information or knowledge concerning the allegations of Paragraph 44 and denies them on that basis.

45. In response to Paragraph 45, Defendant lacks information or knowledge concerning the allegations of Paragraph 45 and denies them on that basis.

46. In response to Paragraph 46, Defendant lacks information or knowledge concerning the allegations of Paragraph 46 and denies them on that basis.

47. In response to Paragraph 47, Defendant lacks information or knowledge concerning the allegations of Paragraph 47 and denies them on that basis.

48. In response to Paragraph 48, Defendant lacks information or knowledge concerning the allegations of Paragraph 48 and denies them on that basis.

49. Paragraph 49 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 49 and deny them on that basis.

50. The allegations in Paragraph 50 purport to describe the text of the California 2020-2022 Integrated Report 303(d) List and state legal conclusions and, therefore, no response is required. To the extent a response is required, Defendants answer that as to the text of the California 2020-2022 Integrated Report 303(d) List, the California 2020-2022 Integrated Report 303(d) List speaks for itself and Defendants deny any allegations that go beyond the text of the California 2020-2022 Integrated Report 303(d) List. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 50 and deny them on that basis.

**B. Historical Uses of the Facility**

51. In response to Paragraph 51, Defendant lacks information or knowledge concerning the allegations of Paragraph 51 and denies them on that basis.

52. In response to Paragraph 52, Defendant lacks information or knowledge concerning the allegations of Paragraph 52 and denies them on that basis.

53. In response to Paragraph 53, Defendant lacks information or knowledge concerning the allegations of Paragraph 53 and denies them on that basis.

54. In response to Paragraph 54, Defendant lacks information or knowledge concerning the allegations of Paragraph 54 and denies them on that basis.

55. In response to Paragraph 55, Defendant lacks information or knowledge concerning the allegations of Paragraph 55 and denies them on that basis.

56. In response to Paragraph 56, Defendant lacks information or knowledge concerning the allegations of Paragraph 56 and denies them on that basis.

57. In response to Paragraph 57, Defendant lacks information or knowledge concerning the allegations of Paragraph 57 and denies them on that basis.

58. In response to Paragraph 58, Defendant lacks information or knowledge concerning the allegations of Paragraph 58 and denies them on that basis.

59. In response to Paragraph 59, Defendant lacks information or knowledge concerning the allegations of Paragraph 59 and denies them on that basis.

60. In response to Paragraph 60, Defendant lacks information or knowledge concerning the allegations of Paragraph 60 and denies them on that basis.

**C. Defendants' Failure to Register for NOI General Permit Coverage**

61. Paragraph 61 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 61 and deny them on that basis.

62. Paragraph 62 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 61 and deny them on that basis.

63. In response to Paragraph 63, Defendant lacks information or knowledge concerning the allegations of Paragraph 63 and denies them on that basis.

64. Defendants admit that Regional Board staff performed an inspection at the Facility and prepared an inspection memorandum that was uploaded to SMARTS on November 18, 2022

("Inspection Memorandum"). Except as expressly admitted, Defendant lacks information or knowledge concerning the allegations of Paragraph 64 and denies them on that basis.

65. The allegations in Paragraph 65 purport to describe the text of an Inspection Memorandum and state legal conclusions and, therefore, no response is required. To the extent a response is required, Defendants answer that as to the text of the Inspection Memorandum, the Inspection Memorandum speaks for itself and Defendants deny any allegations that go beyond the text of the Inspection Memorandum. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 65 and deny them on that basis.

66. In response to Paragraph 66 of the Complaint, Defendants deny the allegations therein.

67. In response to Paragraph 67 of the Complaint, Defendants deny the allegations therein.

68. In response to Paragraph 68 of the Complaint, Defendants deny the allegations therein.

69. In response to Paragraph 69 of the Complaint, Defendants deny the allegations therein.

70. In response to Paragraph 70 of the Complaint, Defendants deny the allegations therein. The WDID that the State Water Board assigned Defendants is 1 121030010.

71. In response to Paragraph 71 of the Complaint, Defendants deny the allegations therein.

72. In response to Paragraph 72 of the Complaint, Defendants deny the allegations therein.

73. In response to Paragraph 73 of the Complaint, Defendants deny the allegations therein.

74. In response to Paragraph 74 of the Complaint, Defendants deny the allegations therein.

//

75. In response to Paragraph 75 of the Complaint, Defendants deny the allegations therein.

## VI. CLAIM FOR RELIEF

**Discharge of Pollutants from the Facility in Violation of the Act (Violations of 33 U.S.C. §§ 1311(a), 1342)**

76. Defendants incorporate their responses to the Plaintiff's allegations contained in the above paragraphs as though fully set forth herein.

77. In response to Paragraph 77 of the Complaint, Defendants deny the allegations therein.

78. In response to Paragraph 78 of the Complaint, Defendants deny the allegations therein.

79. In response to Paragraph 79 of the Complaint, Defendants deny the allegations therein.

80. In response to Paragraph 80 of the Complaint, Defendants deny the allegations therein.

81. In response to Paragraph 81 of the Complaint, Defendants deny the allegations therein.

## VII. RELIEF REQUESTED

82. Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.a of the Complaint.

83. Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.b of the Complaint.

84. Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.c of the Complaint.

85. Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.d of the Complaint.

86. Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.e of the Complaint.

87. Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.f of the Complaint.

88. Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.g of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant, while reserving the right to assert other affirmative defenses as discovery proceeds, and without assuming the burden of proof when the burden of proof rests on Plaintiff, asserts the following separate and independent affirmative defenses in opposition to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

Defendants allege that the Complaint and each and every cause of action therein fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lacks Jurisdiction)

The Complaint fails to establish jurisdiction as Plaintiff fails to allege continuing violations of the Clean Water Act. No injunctive relief, civil penalties, or any relief whatsoever may be assessed or imposed unless Plaintiff has alleged a violation that is continuing at the time of the commencement of the action and at the time of trial. As of the time of the commencement of this action, there were no continuing or ongoing violations of the Clean Water Act. Any alleged violations of the Clean Water Act or the General Permit are wholly past violations and are, therefore, not actionable.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Provide Sufficient Notice)

The Notice of Intent to Sue alleged in the Complaint is defective as the purported Notice failed to sufficiently identify purported violations of the Clean Water Act and/or otherwise provide adequate notice as required by the Clean Water Act and/or the regulations of the U.S. Environmental Protection Agency found at 40 C.F.R. Part 135, 33 U.S.C.A. § 1365, or other applicable laws and regulations.

**FOURTH AFFIRMATIVE DEFENSE**

**(Claims Are Moot)**

The Complaint and each and every cause of action therein is barred in whole or in part because Plaintiff's claims are moot. To the extent any alleged discharges exist, any and all such alleged discharges by Defendant presently comply with all applicable laws and regulations, and there is no reasonable likelihood that future violation of such laws and regulations will occur.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Violations of Statutory Provisions)**

Defendant has not violated any of the statutory provisions cited in the Complaint. At all times, Defendant complied with all statutory and regulatory requirements concerning the activities which are the subject of the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lacks Capacity or Standing)**

Defendant alleges that Plaintiff, and each of its members, lack capacity to sue or the requisite standing to bring this claim as required by Article III of the United States Constitution and applicable federal law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Wrong Party Sued)**

The discharges referred to in the Complaint, if there are any, were caused by acts or omissions of entities or persons other than Defendant and over whom Defendant had no control.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Reliance)**

Defendant, at all relevant times relative to the matters which form the subject of the Complaint, acted in reliance upon the directions given to it by the pertinent government regulatory agencies.

**NINTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Complaint and each cause of action therein is barred in whole or in part by the applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint and each cause of action therein is barred in whole or in part by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Defendant alleges that negligent acts and statutory violations by persons other than Defendant contributed to any alleged damages, and therefore Plaintiff's recovery from Defendant, if any, should be reduced on the basis of comparative fault.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Contributory Fault)**

Defendant alleges that the injuries and damages complained of by Plaintiff, if any, were solely caused by the unlawful conduct or willful act of Plaintiff and/or others, and that by virtue of same, Plaintiff is barred from recovery herein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Duty)**

Defendant owed no duty of care to Plaintiff at all times relevant to this lawsuit. Defendant complied with all applicable laws and regulations and have acted in a careful, reasonable, and prudent manner.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Any prospective recovery herein is barred by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Any prospective recovery herein is barred by the doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

At all times herein, Plaintiff has failed to mitigate, reduce or otherwise avoid the alleged

damages, if any, thus barring any recovery herein.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Improper Party/Causation)**

The damages Plaintiff claims to have sustained, if any, are in whole or in part, the proximate result of the acts or omissions of persons or entities other than Defendant or any other person for whose acts or omissions Defendant is not responsible.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

If Plaintiff is found to be entitled to recover costs or damages against Defendant, which entitlement Defendant denies, such recovery must be reduced by any and all amounts previously or otherwise obtained by Plaintiff whether by direct payment, offset or otherwise for the alleged damages, if any.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Alleged Damages Not Reasonably Contemplated or Foreseen)**

Any prospective recovery is barred by virtue of the fact that the alleged damages, if any, were not reasonably contemplated or foreseen by the parties.

**TWENTYTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Any prospective recovery herein is barred by the doctrine of waiver.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Entitlement to Attorneys' Fees)**

The Plaintiff is not entitled to attorneys' fees.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Recovery of Penalties Invalid)**

If applicable herein, recovery of penalties is invalid on its face or as applied to Defendant under the Constitution of the United States, including, but not limited to, Article I, Section 10, and the First, Fifth, Sixth and Fourteenth Amendments thereto, and the Excessive Fines Clause of the Eight Amendment, as well as the Constitution of the State of California.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Improper Selective Prosecution)**

Plaintiff's prosecution of this Complaint against Defendant is a selective prosecution in violation of the United States and California Constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Failure to Join Necessary and Indispensable Parties)**

Plaintiff has failed to join necessary and indispensable parties needed for a just adjudication of the claims raised in this proceeding.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Res Judicata/Collateral Estoppel)**

Defendant hereby asserts that some or all of Plaintiff's claims, issues, and/or damages being raised and sought in the Complaint are barred by the operation of res judicata and/or collateral estoppel.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Reservation)**

Defendant will rely upon all additional affirmative defenses that become available as a result of information developed through discovery or at trial.

Dated:  January 27, 2023

By:   /S/ Sean K. Hungerford
Sean K. Hungerford
Attorney for Defendant
R&L LUMBER COMPANY

DEFENDANT R&L LUMBER COMPANY LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF AND CIVIL PENALTIES