1 | ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
2 | Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
3 | Petaluma, CA 94952
Tel: (707) 782-4060
4 | Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
5 |        wncarlon@packardlawoffices.com

6 | WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
7 | 1125 16th Street, Suite 204
Arcata, CA 95521
8 | Tel: (707) 630-5061
Email: wverick@igc.org

9

10 | Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES
11 | TO TOXICS

12 | **UNITED STATES DISTRICT COURT**

13 | **NORTHERN DISTRICT OF CALIFORNIA**

14

15 | CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,

Case No: 3:22-CV-07511 JSC

16 |        Plaintiff,

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

17 | v.

Conference Date:  March 2, 2023

18 | R&L LUMBER COMPANY LLC, JUSTIN LENA, and UBI RUIZ,

Time:                    10:00 a.m.
Location:            (Via Zoom)

19

20 |        Defendants.

The Honorable Jaqueline S. Corley

21

22

23 |        This Joint Case Management Conference Statement is submitted on behalf of Plaintiff

24 | CALIFORNIANS  FOR ALTERNATIVES TO TOXICS (hereinafter "CATs" or "Plaintiff")

25 | represented by the Law Offices of Andrew L. Packard and Klamath Environmental Law Center; and

26 | Defendants R&L LUMBER COMPANY LLC and JUSTIN LENA and UNI RUIZ ("Defendants")

27 | represented by Harrison, Temblador, Hungerford & Guernsey LLP, pursuant to Federal Rule of Civil

28 | Procedure 26(f), Local Rule 16-9, the *Standing Order for All Judges of the Northern District of*

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                    1                    CASE NO. 3:22-CV-07511 JSC

1  *California-Contents of Joint Case Management Statement,* and the "Clerk's Notice Re Reassigned

2  Case" dated December 9, 2022 (collectively "Rules and Orders").  As required by the Rules and

3  Orders, the Parties briefly set forth their jointly held view on the following matters, unless otherwise

4  specifically noted as a separate view.

5      1.   **JURISDICTION AND SERVICE.**  This Court has subject matter jurisdiction over the

6  parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Clean Water Act,

7  33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (action arising under the laws of the United

8  States).  Venue is proper in the Northern District of California pursuant to Section 505(c)(1) of the

9  Act, 33 U.S.C. § 1365(c)(1), because the source of the alleged violations is located within this

10 judicial district.  Pursuant to Local Rule 3-2(e), intra-district venue is proper in San Francisco,

11 California because the sources of the alleged violations are located within Humboldt County.

12     The Parties have filed a stipulation deeming service of the summons and complaint perfected

13 on January 6, 2023; Defendants filed an answer on January 27, 2023.

14     2.   **FACTS.**  This case is a Federal Water Pollution Control Act ("Clean Water Act" or "Act")

15 citizen suit enforcement action filed by CATs under Section 505 of the Clean Water Act, 33 U.S.C.

16 § 1365.  The Complaint alleges that Defendants have violated and continue to violate Section 301(a)

17 of the Clean Water Act, 33 U.S.C. § 1311(a) by discharging pollutants from point sources at

18 Defendants' facility located at 1220 5th Street, in Arcata, California ("the Facility").  The Complaint

19 also alleges that the Facility discharges directly into the City of Arcata's ("City's") Municipal Storm

20 Water System, which conveys these discharges directly into Humboldt Bay, which is a water of the

21 United States.

22     More specifically, Plaintiff alleges that Defendants discharged pollutants in storm water from

23 its industrial Facility into waters of the United States without a permit as required by Section 301(a)

24 of the Clean Water Act, 33 U.S.C. § 1311(a).  Based upon these allegations, CATs seeks declaratory

25 relief, civil penalties, injunctive relief, and costs (including reasonable attorney, witness, and

26 consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d).

27     Defendants deny that they have violated any applicable legal requirement and counter that

28 CATs is not entitled to the relief requested.

**3. LEGAL ISSUES.**

    **A.**     **Plaintiff's Statement.** The primary legal issues will focus on whether Defendants discharged pollutants into waters of the United States and whether, while doing so, they had a permit to do so. A secondary issue will be whether Defendants are complying with California's General Permit for Industrial Storm Water Discharges (See discussion regarding supplemental pleadings in Section 5.A, below).

    **B.**     **Defendants' Statement**. The primary legal issue in the case will focus on liability under the Clean Water Act, including justiciability of claims pursuant to *Gwaltney of Smithfield v. Chesapeake Bay Found.* 484 U.S. 49 (1987) (*Gwaltney*).

**4. MOTIONS.**

    **A.**     **Plaintiff's Statement.** There are no prior or pending motions. CATs anticipates filing discovery motions as necessary, and a motion for summary judgment. If it is a prevailing party, CATs will seek its reasonable attorney fees and costs, unless those fees and costs are accounted for in a settlement.

    **B.**     **Defendants' Statement.** There are no prior or pending motions. Defendants anticipate that discovery motions and a motion for summary judgment or adjudication will be filed as necessary.

**5. ANTICIPATED AMENDMENTS TO PLEADINGS.**

    **A.**     **Plaintiff's Statement.** CATs has served Defendants with a follow-up 60 Day Notice of Intent to Sue, which alleges that sometime after CATs filed its complaint in the action, Defendants did obtain a permit to discharge pollutants, but that Defendants are in violation of that permit in that Defendants discharge storm water with excessive pollutant concentrations from the Facility into waters of the United States without applying certain requisite pollution control technologies, and that such pollutant concentrations exceed certain water quality standards and benchmark levels established by the United States Environmental Protection Agency ("EPA") and the California State Water Resources Control Board. CATs also alleges that Defendants have failed to implement the required Best Available Technology Economically Achievable ("BAT") for toxic and nonconventional pollutants and the Best Conventional Pollutant Control Technology ("BCT")

1 for conventional pollutants.  CATs' follow-up Notice of Violation further alleges that Defendants

2 continue to fail to develop and implement a legally adequate Storm Water Pollution Prevention Plan,

3 and a legally adequate Monitoring Implementation Plan.  Once the supplemental 60-Day Notice

4 period elapses, CATs will seek to supplement the Complaint to reflect claims of additional violations

5 by Defendants.

6        **B.**     **Defendants' Statement.**  Defendants filed their Answer to Plaintiff's Complaint on

7 January 27, 2023, and do not anticipate amending their Answer. Defendants will respond to

8 proposed amendments to the Complaint should Plaintiff seek leave to amend.

9    **6.   EVIDENCE PRESERVATION.**  The parties have reviewed the Guidelines Relating to the

10 Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have

11 met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps

12 taken to preserve evidence relevant to the issues reasonably evident in this action.

13    **7.   DISCLOSURES.**

14      Neither party has served the other with discovery.  The parties are seeking to settle this

15 matter as quickly as possible and to avoid unnecessarily running up the cost of settlement.  The

16 parties will, however, serve each other with their initial disclosures and documents within 14 days

17 after the Rule 26(f) conference.

18    **8.   DISCOVERY.**

19      **A.**     **Plaintiff's Statement.**  In the interest of promoting settlement, on January 19, 2023,

20 the Parties cooperated to conduct a settlement-protected wet weather site inspection of the Facility.

21 No formal discovery requests have been propounded as of this date.

22      In the event that settlement discussions should reach an impasse, CATs will conduct a

23 combination of written discovery and depositions, and anticipates requesting as many as three formal

24 site inspections of the Facility, under both wet and dry conditions.  CATs anticipates propounding

25 discovery on the nature and extent of potential sources of pollution in Defendants' discharges from

26 the Facility; information relating to Defendants' interactions with the Regional Water Quality

27 Control Board and the California State Water Resources Control Board; and all information

28 pertinent to the penalty factors to be considered under the Act, including, but not limited to,

1   Defendants' financial information relevant to the assessment of civil penalties.  CATs also intends to

2   depose Defendants' employees, managers and other agents, as well as agency personnel, who may

3   have information relevant to the case.

4         **B.      Defendants' Statement.**  No discovery requests have been propounded as of this

5   date. The scope of anticipated discovery in this case is currently uncertain because Plaintiff has

6   indicated their intent to amend the Complaint to allege new violations of the Clean Water Act and

7   Defendants are currently unaware of the scope of those allegations. Defendants do not anticipate any

8   discovery disputes at this time.

9         The Defendants do not propose any limitations or modifications of the discovery rules and

10  are amenable to a stipulated e-discovery order.

11        Defendants' proposed discovery plan pursuant to FRCP 26(f)(3) is as follows:

12        (A) what changes should be made in the timing, form, or requirement for disclosures under

13              Rule 26(a), including a statement of when initial disclosures were made or will be made;

14  None.

15        (B) the subjects on which discovery may be needed, when discovery should be completed,

16              and whether discovery should be conducted in phases or be limited to or focused on

17              particular issues;

18  The parties anticipate that non-expert discovery will be complete by February 29, 2024 and that

19  expert discovery will be complete by June 8, 2024.

20        (C) any issues about disclosure, discovery, or preservation of electronically stored

21              information, including the form or forms in which it should be produced;

22  None.

23        (D) any issues about claims of privilege or of protection as trial-preparation materials,

24              including—if the parties agree on a procedure to assert these claims after production—

25              whether to ask the court to include their agreement in an order under Federal Rule of

26              Evidence 502;

27  None.

28        (E) what changes should be made in the limitations on discovery imposed under these rules

PARTIES' JOINT CASE
MANAGEMENT STATEMENT                    5                    CASE NO. 3:22-cv-07511-JSC

1    or by local rule, and what other limitations should be imposed; and

2    None.

3    (F)  any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

4    None.

5    **9.  CLASS ACTION.**  Not applicable.

6    **10. RELATED CASES.**  The Parties are not aware of any related cases.

7    **11. RELIEF.**

8    A.    **Plaintiff's Statement.**  CATs seeks civil penalties, declaratory and injunctive relief,

9    and costs as authorized by the Clean Water Act, 33 U.S.C. § 1365(d).  The relevant penalty amount

10   authorized by Sections 309(d) and 505(a) of the Clean Water Act is $59,973 per day per violation.

11   33 U.S.C. §§ 1319(d) and 1365(a) and 40 C.F.R. §§ 19.1 - 19.4.

12   B.    **Defendant's Statement.**  Defendants have not filed a counter claim against Plaintiff.

13   **12. SETTLEMENT AND ADR.**

14   The Parties initiated settlement discussions in November 2022 and conducted a site

15   inspection on January 19th, culminating with Plaintiff's comprehensive written demand on February

16   3, 2023.  The parties are continuing to negotiate the terms of a consent judgment.

17   The Parties anticipate reaching an agreement promptly and without the need for ADR

18   services.  However, should their discussion s reach an impasse, they will request a settlement

19   conference with an agreed upon group of magistrates.

20   **13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**

21   Plaintiff has declined the Magistrate Judge's jurisdiction in accordance with the provisions of

22   28 U.S.C. § 636(c).

23   **14. OTHER REFERENCES.**

24   This case is not suitable for reference to binding arbitration, a special master or the Judicial

25   Panel on Multidistrict Litigation.

26   **15. NARROWING OF ISSUES.**

27   A.    **Plaintiff's Statement.**  Plaintiff anticipates filing a motion for summary judgment in

28   order to narrow the issues for trial in this matter.  Plaintiff does not believe this case is suitable for

1  any other mechanisms for narrowing or expediting trial presentation.

2      **B.      Defendant's Statement**. Defendants do not currently anticipate filing any motions to

3  narrow the issues for trial in this matter. Because Plaintiff has stated that they will seek leave to

4  amend their Complaint to include new allegations, the Defendants are unable to predict how to

5  narrow the issues for resolution. Defendants will reassess whether dispositive motions are

6  appropriate to narrow issues for resolution once Plaintiff's Complaint has been amended and

7  discovery has been performed.

8      **16. EXPEDITED TRIAL PROCEDURE.**

9      This matter is not suitable for the Expedited Trial Procedure of General Order No. 64

10  Attachment A.

11      **17. SCHEDULING**

12      The Parties propose the Court set the following deadlines:

13  February 29, 2024:          Completion of non-expert discovery (excluding site inspections);

14  March 21, 2024:            Last day for expert disclosure and exchange of expert reports;

15  May 4, 2024:               Last day to exchange expert rebuttal reports;

16  June 8, 2024:              Completion of expert discovery;

17  August 29, 2024:           Last day for hearing on dispositive motions;

18  September 9, 2024:         Final pretrial conference; and,

19  November 13, 2024:         Trial

20      The critical period of evidence collection for a Clean Water Act storm water case is during

21  the wet season (October through May) when storm water is present.  Therefore, the end of non-

22  expert and expert discovery is necessarily contingent on the end of the wet season and has been

23  incorporated in the above proposed deadlines.

24      **18. TRIAL.**

25      The Parties estimate the trial will require five (5) to (8) court days.

26      **19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON.**

27      **A.      Plaintiff's Statement.**  Plaintiff has filed the "Certification of Interested Entities or

28  Persons" required by Civil Local Rule 3-15.  Pursuant to Civil L.R. 3-15, as of this date, other than

1  the named parties, there is no such interest to report.

2      **B.      Defendant's Statement.** Defendants have filed the "Certification of Interested

3  Entities or Persons" required by Civil Local Rule 3-15.  Pursuant to Civil L.R. 3-15, as of this date,

4  other than the named parties, there is no such interest to report.

5      **20. PROFESSIONAL CONDUCT.**

6          All attorneys of record for the Parties have reviewed the Guidelines for Professional

7  Conduct for the Northern District of California.

8

9  Respectfully submitted,

10  Dated: February 23, 2023                LAW OFFICES OF ANDREW L. PACKARD

11
                                           By:      /s/_William Carlon
12                                                  William Carlon
                                                    Attorneys for Plaintiff
13                                                  CALIFORNIANS FOR ALTERNATIVES TO
                                                    TOXICS
14

15
    Dated: February 23, 2023                HARRISON, TEMBLADOR,
16                                          HUNGERFORD & GUERNSEY LLP

17                                         By:      /s/ Sean Hungerford
                                                    Sean Hungerford
18                                                  Attorney for Defendants
                                                    R&L LUMBER COMPANY LLC, JUSTIN
19                                                  LENA, and UBI RUIZ

20

21

22                          **ATTESTATION FOR E-FILING**

23          I hereby attest pursuant to Civil L.R. 5-1(i) (3) that I have obtained concurrence in the filing

24  of this document from the above Signatory prior to filing.

25

26  DATED: February 23, 2023                               By: /s/ William Carlon

27

28