SEAN K. HUNGERFORD (State Bar No. 200268)
RUSSELL A. FRINK (State Bar No. 302522)
HARRISON, TEMBLADOR,
HUNGERFORD & GUERNSEY LLP
2801 T Street
Sacramento, CA 95816
Telephone: (916) 382-4377
Facsimile: (916) 382-4380

Attorneys for Defendants
R&L Lumber Company LLC, Justin Lena, and Ubi Ruiz

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIANS FOR ALTERNATIVES TO TOXICS,

        Plaintiff,

        v.

R&L LUMBER COMPANY LLC, JUSTIN LENA, and UBI RUIZ,

        Defendants.

Case No. 3:22-cv-07511-JSC

**DEFENDANTS' ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT FOR DECLARATORY RELIEF AND CIVIL PENALTIES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants R&L Lumber Company, LLC, Justin Lena, and Ubi Ruiz ("Defendants"), hereby answer the Supplemental Complaint for Declaratory and Injunctive Relief and Civil Penalties ("Supplemental Complaint") of Plaintiff Californians for Alternatives to Toxics, a California non-profit public benefit corporation ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

### I.    JURISDICTION AND VENUE

1.    In response to Paragraph 1 of the Supplemental Complaint, Defendants admit that the allegations are presented as a citizen suit under the enforcement provisions of the Federal Water Pollution Control Act pursuant to 33 U.S.C. § 1251, et seq. ("Clean Water Act" or "the Act"). Defendants deny the remaining allegations of Paragraph 1.

1

2.     In response to Paragraph 2 of the Supplemental Complaint, Defendants admit that Plaintiff provided Defendants with a copy of the notice letter attached as Exhibit 1 to the Supplemental Complaint. Defendants lack information or knowledge concerning the remaining allegations of Paragraph 2 and deny them on that basis.

3.     In response to Paragraph 3 of the Supplemental Complaint, Defendants admit that, when the Supplemental Complaint was filed, more than 60 days had passed since Defendants received the notice letter described in Paragraph 3. Defendants lack information or knowledge concerning the remaining allegations of Paragraph 3 and deny them on that basis.

4.     Paragraph 4 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 4 and deny them on that basis.

5.     In response to Paragraph 5 of the Supplemental Complaint, Defendants admit that R&L Lumber Company, LLC operates a facility located at 1220 5th Street, in Arcata, California ("Facility"). Defendants lack information or knowledge concerning the remaining allegations of Paragraph 5 and deny them on that basis.

## II.     INTRODUCTION

6.     Paragraph 6 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 6 and deny them on that basis.

7.     Paragraph 7 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 7 and deny them on that basis.

8.     In response to Paragraph 8 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 8 and deny them on that basis.

## III.     PARTIES

9.     In response to Paragraph 9 of the Supplemental Complaint, Defendants admit the allegations therein.

10.     In response to Paragraph 10 of the Supplemental Complaint, Defendants admit the allegations therein.

11.     In response to Paragraph 11 of the Supplemental Complaint, Defendants admit the allegations therein.

12.     In response to Paragraph 12 of the Supplemental Complaint, Defendants admit the allegations therein.

13.     In response to Paragraph 13 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 13 and deny them on that basis.

14.     In response to Paragraph 14 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 14 and deny them on that basis.

15.     In response to Paragraph 15 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 15 and deny them on that basis.

16.     In response to Paragraph 16 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 16 and deny them on that basis.

**IV.     LEGAL BACKGROUND**

**A.  Clean Water Act**

17.     Paragraph 17 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 17 and deny them on that basis.

18.     Paragraph 18 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 18 and deny them on that basis.

19.     Paragraph 19 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 19 and deny them on that basis.

20.     Paragraph 20 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 20 and deny them on that basis.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SUPPLEMENTAL COMPLAINT FOR DECLARATORY RELIEF AND CIVIL PENALTIES

21.     Paragraph 21 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 21 and deny them on that basis.

22.     Paragraph 22 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 22 and deny them on that basis.

23.     Paragraph 23 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 23 and deny them on that basis.

24.     Paragraph 24 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 24 and deny them on that basis.

**B. California Industrial Storm Water General Permit**

25.     Paragraph 25 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 25 and deny them on that basis.

26.     Paragraph 26 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 26 and deny them on that basis.

27.     Paragraph 27 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 27 and deny them on that basis.

28.     Paragraph 28 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 28 and deny them on that basis.

29.     The allegations in Paragraph 29 purport to describe the text of State Board Water Quality Order No. 91-13-DWQ, amended by Nos. 92-12-DWQ, 97-03-DWQ, and 14-0057-DWQ, NPDES General Permit No. CAS000001 ("General Permit") and state legal conclusions and,

DEFENDANTS' ANSWER TO PLAINTIFF'S
SUPPLEMENTAL COMPLAINT FOR DECLARATORY RELIEF AND CIVIL PENALTIES

therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 29 and deny them on that basis.

30.     The allegations in Paragraph 30 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 30 and deny them on that basis.

31.     The allegations in Paragraph 31 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 31 and deny them on that basis.

32.     The allegations in Paragraph 32 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 32 and deny them on that basis.

33.     The allegations in Paragraph 33 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the

extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 33 and deny them on that basis.

34.    The allegations in Paragraph 34 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 34 and deny them on that basis.

35.    The allegations in Paragraph 35 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 35 and deny them on that basis.

36.    The allegations in Paragraph 36 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 36 and deny them on that basis.

37.    The allegations in Paragraph 37 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 37 and deny them on that basis.

38.    The allegations in Paragraph 38 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is

required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 38 and deny them on that basis.

39.     The allegations in Paragraph 39 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 39 and deny them on that basis.

40.     The allegations in Paragraph 40 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 40 and deny them on that basis.

41.     The allegations in Paragraph 41 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 41 and deny them on that basis.

42.     The allegations in Paragraph 42 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 42 and deny them on that basis.

43.    The allegations in Paragraph 43 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 43 and deny them on that basis.

44.    The allegations in Paragraph 44 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 44 and deny them on that basis.

45.    The allegations in Paragraph 45 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 45 and deny them on that basis.

46.    The allegations in Paragraph 46 purport to describe the text of the Water Quality Control Plan for the North Coast Region ("Basin Plan") and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the Basin Plan, the Basin Plan speaks for itself and Defendants deny any allegations that go beyond the text of the Basin Plan. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 46 and deny them on that basis.

47.    The allegations in Paragraph 47 purport to describe the text of the State Board's 2020/2022 California Integrated Report ("Clean Water Act Section 303(d) List/305(b) Report") and state legal conclusions and, therefore, no response is required.  To the extent a response is required,

DEFENDANTS' ANSWER TO PLAINTIFF'S
SUPPLEMENTAL COMPLAINT FOR DECLARATORY RELIEF AND CIVIL PENALTIES

Defendants answer that as to the text of the Clean Water Act Section 303(d) List/305(b) Report, the Clean Water Act Section 303(d) List/305(b) Report speaks for itself and Defendants deny any allegations that go beyond the text of the Clean Water Act Section 303(d) List/305(b) Report. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 47 and deny them on that basis.

48.     The allegations in Paragraph 48 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 48 and deny them on that basis.

49.     The allegations in Paragraph 49 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 49 and deny them on that basis.

50.     Paragraph 50 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 50 and deny them on that basis.

51.     The allegations in Paragraph 51 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 51 and deny them on that basis.

52.     The allegations in Paragraph 52 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is

required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 52 and deny them on that basis.

53.     The allegations in Paragraph 53 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 53 and deny them on that basis.

54.     The allegations in Paragraph 54 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 54 and deny them on that basis.

55.     The allegations in Paragraph 55 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 55 and deny them on that basis.

56.     The allegations in Paragraph 56 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 56 and deny them on that basis.

57.     The allegations in Paragraph 57 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 57 and deny them on that basis.

58.     The allegations in Paragraph 58 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 58 and deny them on that basis.

59.     The allegations in Paragraph 59 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 59 and deny them on that basis.

## V.     STATEMENT OF FACTS

### a.     The Facility

60.     In response to Paragraph 60 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 60 and deny them on that basis.

61.     In response to Paragraph 61 of the Supplemental Complaint, Defendants admit that they began occupying portions of the Facility in 2018 and have continued to occupy the Facility in some fashion from 2018 to the present. Defendants lack information or knowledge concerning the remaining allegations of Paragraph 61 and deny them on that basis.

62.     In response to Paragraph 62 of the Supplemental Complaint, Defendants admit that industrial activities at the Facility include the milling and storage of logs, storage of dimensional

11

lumber, loading and unloading of logs, and the use and storage of equipment necessary to carry out the above stated activities. Except as expressly admitted above, Defendants lack information or knowledge concerning the remaining allegations of Paragraph 62 and deny them on that basis.

63.     In response to Paragraph 63 of the Supplemental Complaint, Defendants admit that Exhibit 2 contains a photograph of the Facility at an earlier point in time. In response to the remaining allegations in Paragraph 63 of the Supplemental Complaint, Defendants lack information or knowledge concerning the remaining allegations of Paragraph 63 and deny them on that basis.

64.     In response to Paragraph 64 of the Supplemental Complaint, Defendants admit that Defendants operate certain forms of heavy equipment.   In response to the remaining allegations in Paragraph 64 of the Supplemental Complaint, Defendants lack information or knowledge concerning the remaining allegations of Paragraph 64 and deny them on that basis.

65.     In response to Paragraph 65 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 65 and deny them on that basis.

66.     In response to Paragraph 66 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 66 and deny them on that basis.

67.     In response to Paragraph 67 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 67 and deny them on that basis.

68.     In response to Paragraph 68 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 68 and deny them on that basis.

69.     In response to Paragraph 69 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 69 and deny them on that basis.

70.     In response to Paragraph 70 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 70 and deny them on that basis.

71.     In response to Paragraph 71 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 71 and deny them on that basis.

72.     In response to Paragraph 72 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 72 and deny them on that basis.

73.     In response to Paragraph 73 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 73 and deny them on that basis.

74.     Paragraph 74 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 74 and deny them on that basis.

75.     The allegations in Paragraph 75 purport to describe the text of the Clean Water Act Section 303(d) List/305(b) Report and state legal conclusions and, therefore, no response is required. To the extent a response is required, Defendants answer that as to the text of the Clean Water Act Section 303(d) List/305(b) Report, the Clean Water Act Section 303(d) List/305(b) Report speaks for itself and Defendants deny any allegations that go beyond the text of the Clean Water Act Section 303(d) List/305(b) Report.  To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 75 and deny them on that basis.

**b.     Historical Uses of the Facility**

76.     In response to Paragraph 76 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 76 and deny them on that basis.

77.     In response to Paragraph 77 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 77 and deny them on that basis.

78.     In response to Paragraph 78 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 78 and deny them on that basis.

79.     In response to Paragraph 79 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 79 and deny them on that basis.

80.     In response to Paragraph 80 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 80 and deny them on that basis.

81.     In response to Paragraph 81 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 81 and deny them on that basis.

82.     In response to Paragraph 82 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 82 and deny them on that basis.

83.     In response to Paragraph 83 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 83 and deny them on that basis.

84.     In response to Paragraph 84 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 84 and deny them on that basis.

85.     In response to Paragraph 85 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 85 and deny them on that basis.

**c.     Defendants' Failure to Register for NOI General Permit Coverage**

86.     In response to Paragraph 86 of the Supplemental Complaint, Defendants admit that they began occupying portions of the Facility in 2018 and have continued to occupy the Facility in some fashion from 2018 to the present. Defendants lack information or knowledge concerning the remaining allegations of Paragraph 61 and deny them on that basis.

87.     Paragraph 87 contains statements and conclusions of law. To the extent that a response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 87 and deny them on that basis.

88.     In response to Paragraph 88 of the Supplemental Complaint, Defendant lack information or knowledge concerning the allegations of Paragraph 88 and deny them on that basis.

89.     In response to Paragraph 89 of the Supplemental Complaint, Defendants admit that Regional Board staff performed an inspection at the Facility and prepared an inspection memorandum that was uploaded to SMARTS on November 18, 2022 ("Inspection Memorandum"). Except as expressly admitted, Defendant lacks information or knowledge concerning the allegations of Paragraph 89 and denies them on that basis.

90.     The allegations in Paragraph 90 purport to describe the text of the Inspection Memorandum and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the Inspection Memorandum, the Inspection Memorandum speaks for itself and Defendants deny any allegations that go beyond the text of the Inspection Memorandum.  To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 90 and deny them on that basis.

91.      In response to Paragraph 91 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 91 and deny them on that basis.

92.      In response to Paragraph 92 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 92 and deny them on that basis.

93.      In response to Paragraph 93 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 93 and deny them on that basis.

94.      In response to Paragraph 94 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 94 and deny them on that basis.

95.      In response to Paragraph 95 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 95 and deny them on that basis.

96.      In response to Paragraph 96 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 96 and deny them on that basis.

97.      In response to Paragraph 97 of the Supplemental Complaint, Defendants lack information or knowledge concerning the allegations of Paragraph 97 and deny them on that basis.

98.      In response to Paragraph 98 of the Supplemental Complaint, Defendants deny the allegations therein.

99.      In response to Paragraph 99 of the Supplemental Complaint, Defendants deny the allegations therein.

100.      In response to Paragraph 100 of the Supplemental Complaint, Defendants deny the allegations therein.

101.      In response to Paragraph 101 of the Supplemental Complaint, Defendants deny the allegations therein.

**d.      Defendants' Operations Since Obtaining Permit Coverage**

102.      In response to Paragraph 102 of the Supplemental Complaint, Defendants deny the allegations therein.

103.      In response to Paragraph 103 of the Supplemental Complaint, Defendant lack information or knowledge concerning the allegations of Paragraph 103 and deny them on that basis.

104.    In response to Paragraph 104 of the Supplemental Complaint, Defendants deny that the Facility's BMPs are inadequate to reduce or prevent pollutants from discharging from the Facility. Defendants lack information or knowledge concerning the remaining allegations of Paragraph 104 and deny them on that basis.

105.    In response to Paragraph 105 of the Supplemental Complaint, Defendants deny that the Facility's BMPs are entirely ineffective at either preventing or reducing the pollutant load from the Facility. Defendants lack information or knowledge concerning the remaining allegations of Paragraph 105 and deny them on that basis.

106.    In response to Paragraph 106 of the Supplemental Complaint, Defendant lack information or knowledge concerning the allegations of Paragraph 106 and deny them on that basis.

107.    In response to Paragraph 107 of the Supplemental Complaint, Defendant lack information or knowledge concerning the allegations of Paragraph 107 and deny them on that basis.

108.    In response to Paragraph 108 of the Supplemental Complaint, Defendant lack information or knowledge concerning the allegations of Paragraph 108 and deny them on that basis.

109.    In response to Paragraph 109 of the Supplemental Complaint, Defendant lack information or knowledge concerning the allegations of Paragraph 109 and deny them on that basis.

110.    In response to Paragraph 110 of the Supplemental Complaint, Defendant lack information or knowledge concerning the allegations of Paragraph 110 and deny them on that basis.

111.    In response to Paragraph 111 of the Supplemental Complaint, Defendant lack information or knowledge concerning the allegations of Paragraph 111 and deny them on that basis.

112.    In response to Paragraph 112 of the Supplemental Complaint, Defendants deny that the Facility's BMPs are entirely ineffective at either preventing or reducing the pollutant load from the Facility. Defendants lack information or knowledge concerning the remaining allegations of Paragraph 112 and deny them on that basis.

113.    In response to Paragraph 113 of the Supplemental Complaint, Defendants admit the Defendants' consultant submitted via SMARTS an amendment to Defendants' SWPPP which documented the removal of sample location DA-1. In response to the remaining allegations in

Paragraph 113 of the Supplemental Complaint, Defendants lack information or knowledge concerning the remaining allegations of Paragraph 113 and deny them on that basis.

**VI.     CLAIM FOR RELIEF**

## FIRST CLAIM FOR RELIEF

**Discharge of Pollutants from the Facility in Violation of the Act**

**(Violations of 33 U.S.C. §§ 1311(a), 1342)**

114.    Defendants incorporate their responses to the Plaintiff's allegations contained in the above paragraphs as though fully set forth herein.

115.    In response to Paragraph 115 of the Supplemental Complaint, Defendants deny the allegations therein.

116.    In response to Paragraph 116 of the Supplemental Complaint, Defendants deny the allegations therein.

117.    In response to Paragraph 117 of the Supplemental Complaint, Defendants deny the allegations therein.

118.    In response to Paragraph 118 of the Supplemental Complaint, Defendants deny the allegations therein.

119.    In response to Paragraph 119 of the Supplemental Complaint, Defendants deny the allegations therein.

## SECOND CLAIM FOR RELIEF

**Failure to Develop and Implement an Adequate**

**Storm Water Pollution Prevention Plan for the Facility**

**(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)**

120.    Defendants incorporate their responses to the Plaintiff's allegations contained in the above paragraphs as though fully set forth herein.

121.    The allegations in Paragraph 121 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the

extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 121 and deny them on that basis.

122.    In response to Paragraph 122 of the Supplemental Complaint, Defendants deny the allegations therein.

123.    In response to Paragraph 123 of the Supplemental Complaint, Defendants deny the allegations therein.

124.    In response to Paragraph 124 of the Supplemental Complaint, Defendants deny the allegations therein.

125.    In response to Paragraph 125 of the Supplemental Complaint, Defendants deny the allegations therein.

126.    In response to Paragraph 126 of the Supplemental Complaint, Defendants deny the allegations therein.

127.    In response to Paragraph 127 of the Supplemental Complaint, Defendants deny the allegations therein.

**<u>THIRD CLAIM FOR RELIEF</u>**

**Failure to Develop and Implement the Best Available**

**And Best Conventional Treatment Technologies at the Facility**

**(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)**

128.    Defendants incorporate their responses to the Plaintiff's allegations contained in the above paragraphs as though fully set forth herein.

129.    The allegations in Paragraph 129 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 129 and deny them on that basis.

130.    The allegations in Paragraph 130 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is

required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 130 and deny them on that basis.

131.    In response to Paragraph 131 of the Supplemental Complaint, Defendants deny the allegations therein.

132.    In response to Paragraph 132 of the Supplemental Complaint, Defendants deny the allegations therein.

133.    In response to Paragraph 133 of the Supplemental Complaint, Defendants deny the allegations therein.

134.    In response to Paragraph 134 of the Supplemental Complaint, Defendants deny the allegations therein.

135.    In response to Paragraph 135 of the Supplemental Complaint, Defendants deny the allegations therein.

136.    In response to Paragraph 136 of the Supplemental Complaint, Defendants deny the allegations therein.

137.    In response to Paragraph 137 of the Supplemental Complaint, Defendants deny the allegations therein.

## **FOURTH CLAIM FOR RELIEF**

**Failure to Develop and Implement an Adequate**

**Monitoring Implementation Plan for the Facility**

**(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)**

138.    Defendants incorporate their responses to the Plaintiff's allegations contained in the above paragraphs as though fully set forth herein.

139.    The allegations in Paragraph 139 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the

extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 139 and deny them on that basis.

140.    In response to Paragraph 140 of the Supplemental Complaint, Defendants deny the allegations therein.

141.    In response to Paragraph 141 of the Supplemental Complaint, Defendants deny the allegations therein.

142.    In response to Paragraph 142 of the Supplemental Complaint, Defendants deny the allegations therein.

143.    In response to Paragraph 143 of the Supplemental Complaint, Defendants deny the allegations therein.

144.    In response to Paragraph 144 of the Supplemental Complaint, Defendants deny the allegations therein.

145.    In response to Paragraph 145 of the Supplemental Complaint, Defendants deny the allegations therein.

## FIFTH CLAIM FOR RELIEF

**Discharges of Contaminated Storm Water from the Facility**

**in Violation of the Permit's Water Quality-Based Conditions and the Act**

**(Violations of 33 U.S.C. §§ 1311(a), 1342)**

146.    Defendants incorporate their responses to the Plaintiff's allegations contained in the above paragraphs as though fully set forth herein.

147.    The allegations in Paragraph 147 purport to describe the text of the General Permit and state legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants answer that as to the text of the General Permit, the General Permit speaks for itself and Defendants deny any allegations that go beyond the text of the General Permit. To the extent that any further response is required, Defendants lack information or knowledge concerning the allegations of Paragraph 147 and deny them on that basis.

148.    In response to Paragraph 148 of the Supplemental Complaint, Defendants deny the allegations therein.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SUPPLEMENTAL COMPLAINT FOR DECLARATORY RELIEF AND CIVIL PENALTIES

149.    In response to Paragraph 149 of the Supplemental Complaint, Defendants deny the allegations therein.

150.    In response to Paragraph 150 of the Supplemental Complaint, Defendants deny the allegations therein.

151.    In response to Paragraph 151 of the Supplemental Complaint, Defendants deny the allegations therein.

152.    In response to Paragraph 152 of the Supplemental Complaint, Defendants deny the allegations therein.

153.    In response to Paragraph 153 of the Supplemental Complaint, Defendants deny the allegations therein.

154.    In response to Paragraph 154 of the Supplemental Complaint, Defendants deny the allegations therein.

**VII.    RELIEF REQUESTED**

155.    Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.a of the Supplemental Complaint.

156.    Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.b of the Supplemental Complaint.

157.    Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.c of the Supplemental Complaint.

158.    Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.d of the Supplemental Complaint.

159.    Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.e of the Supplemental Complaint.

160.    Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.f of the Supplemental Complaint.

161.    Defendants deny that Plaintiff is entitled to relief pursuant to Paragraph VII.g of the Supplemental Complaint.

**AFFIRMATIVE DEFENSES**

Defendant, while reserving the right to assert other affirmative defenses as discovery proceeds, and without assuming the burden of proof when the burden of proof rests on Plaintiff, asserts the following separate and independent affirmative defenses in opposition to the Supplemental Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

Defendants allege that the Supplemental Complaint and each and every cause of action therein fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lacks Jurisdiction)**

The Supplemental Complaint fails to establish jurisdiction as Plaintiff fails to allege continuing violations of the Clean Water Act. No injunctive relief, civil penalties, or any relief whatsoever may be assessed or imposed unless Plaintiff has alleged a violation that is continuing at the time of the commencement of the action and at the time of trial. As of the time of the commencement of this action, there were no continuing or ongoing violations of the Clean Water Act. Any alleged violations of the Clean Water Act or the General Permit are wholly past violations and are, therefore, not actionable.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Provide Sufficient Notice)**

The Notice of Intent to Sue alleged in the Supplemental Complaint is defective as the purported Notice failed to sufficiently identify purported violations of the Clean Water Act and/or otherwise provide adequate notice as required by the Clean Water Act and/or the regulations of the U.S. Environmental Protection Agency found at 40 C.F.R. Part 135, 33 U.S.C.A. § 1365, or other applicable laws and regulations.

**FOURTH AFFIRMATIVE DEFENSE**

**(Claims Are Moot)**

The Supplemental Complaint and each and every cause of action therein is barred in whole

or in part because Plaintiff's claims are moot. To the extent any alleged discharges exist, any and all such alleged discharges by Defendant presently comply with all applicable laws and regulations, and there is no reasonable likelihood that future violation of such laws and regulations will occur.

### FIFTH AFFIRMATIVE DEFENSE

**(No Violations of Statutory Provisions)**

Defendant has not violated any of the statutory provisions cited in the Supplemental Complaint. At all times, Defendant complied with all statutory and regulatory requirements concerning the activities which are the subject of the Supplemental Complaint.

### SIXTH AFFIRMATIVE DEFENSE

**(Lacks Capacity or Standing)**

Defendant alleges that Plaintiff, and each of its members, lack capacity to sue or the requisite standing to bring this claim as required by Article III of the United States Constitution and applicable federal law.

### SEVENTH AFFIRMATIVE DEFENSE

**(Wrong Party Sued)**

The discharges referred to in the Supplemental Complaint, if there are any, were caused by acts or omissions of entities or persons other than Defendant and over whom Defendant had no control.

### EIGHTH AFFIRMATIVE DEFENSE

**(Reliance)**

Defendant, at all relevant times relative to the matters which form the subject of the Supplemental Complaint, acted in reliance upon the directions given to it by the pertinent government regulatory agencies.

### NINTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Supplemental Complaint and each cause of action therein is barred in whole or in part by the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

**(Laches)**

23

The Supplemental Complaint and each cause of action therein is barred in whole or in part by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendant alleges that negligent acts and statutory violations by persons other than Defendant contributed to any alleged damages, and therefore Plaintiff's recovery from Defendant, if any, should be reduced on the basis of comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

Defendant alleges that the injuries and damages complained of by Plaintiff, if any, were solely caused by the unlawful conduct or willful act of Plaintiff and/or others, and that by virtue of same, Plaintiff is barred from recovery herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Duty)

Defendant owed no duty of care to Plaintiff at all times relevant to this lawsuit. Defendant complied with all applicable laws and regulations and have acted in a careful, reasonable, and prudent manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Any prospective recovery herein is barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Any prospective recovery herein is barred by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

At all times herein, Plaintiff has failed to mitigate, reduce or otherwise avoid the alleged damages, if any, thus barring any recovery herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Improper Party/Causation)

The damages Plaintiff claims to have sustained, if any, are in whole or in part, the proximate result of the acts or omissions of persons or entities other than Defendant or any other person for whose acts or omissions Defendant is not responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Offset)

If Plaintiff is found to be entitled to recover costs or damages against Defendant, which entitlement Defendant denies, such recovery must be reduced by any and all amounts previously or otherwise obtained by Plaintiff whether by direct payment, offset or otherwise for the alleged damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Alleged Damages Not Reasonably Contemplated or Foreseen)

Any prospective recovery is barred by virtue of the fact that the alleged damages, if any, were not reasonably contemplated or foreseen by the parties.

## TWENTYTH AFFIRMATIVE DEFENSE

### (Waiver)

Any prospective recovery herein is barred by the doctrine of waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

The Plaintiff is not entitled to attorneys' fees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Recovery of Penalties Invalid)

If applicable herein, recovery of penalties is invalid on its face or as applied to Defendant under the Constitution of the United States, including, but not limited to, Article I, Section 10, and the First, Fifth, Sixth and Fourteenth Amendments thereto, and the Excessive Fines Clause of the Eight Amendment, as well as the Constitution of the State of California.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

### **(Improper Selective Prosecution)**

Plaintiff's prosecution of this Supplemental Complaint against Defendant is a selective prosecution in violation of the United States and California Constitutions.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

### **(Failure to Join Necessary and Indispensable Parties)**

Plaintiff has failed to join necessary and indispensable parties needed for a just adjudication of the claims raised in this proceeding.

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

### **(Res Judicata/Collateral Estoppel)**

Defendant hereby asserts that some or all of Plaintiff's claims, issues, and/or damages being raised and sought in the Supplemental Complaint are barred by the operation of res judicata and/or collateral estoppel.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

### **(Reservation)**

Defendant will rely upon all additional affirmative defenses that become available as a result of information developed through discovery or at trial.


Dated:  April 7, 2023


By:   /S/ Sean K. Hungerford
                Sean K. Hungerford
                Attorney for Defendant
                R&L LUMBER COMPANY